**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

JAMES JARWIN, an individual,    )
                               )
       Plaintiff,             )
                               )
v.                             )     Case No. CIV-17-351-M
                               )
DIXIE ELECTRIC, LLC, a limited liability )
company,                       )
                               )
       Defendant.           )

## ORDER

Before the Court is Defendant Dixie Electric, LLC's Motion to Transfer Venue, filed April 4, 2017. On April 26, 2017, plaintiff responded, and on May 3, 2017, defendant replied. Based on the parties' submissions, the Court makes its determination.

I.     Background

Plaintiff began his employment with defendant on or about March 2014. On or about February 2016, plaintiff was promoted to Regional Manager/Sales Representative, which included an increase in salary and a vehicle allowance. On March 17, 2016, plaintiff signed and emailed defendant an Employment Agreement, which set forth details of plaintiff's position as a Regional Manager/Sales Representative. The Employment Agreement was never signed by a representative of defendant; however, defendant paid plaintiff a $25,000.00 signing bonus, pursuant to the agreement, and plaintiff commenced his duties as the Regional Manager/Sales Representative.

On December 2, 2016, plaintiff submitted his letter of resignation to defendant, which made his resignation effective December 31, 2016. Upon plaintiff's resignation, defendant sent a letter to plaintiff notifying him that $5,769.60 was withheld from plaintiff's final paycheck, as well as an additional $2,340.90 was withheld for fuel reimbursement. Further, defendant informed

plaintiff that it demanded $16,889.50, the remaining portion of the signing bonus to be returned.[1]

Plaintiff now alleges the following causes of action against defendant: (1) declaratory judgment;

(2) unjust enrichment; (3) defamation; and (4) unpaid wages.

Defendant now moves this Court for an Order transferring this matter to the United States

District Court in the Western District of Texas, pursuant to the forum-selection clause within the

Employment Agreement between plaintiff and defendant. Plaintiff contends that the Employment

Agreement is not valid because a representative for defendant never signed the Employment

Agreement and, therefore, the forum-selection clause is unenforceable. Further, plaintiff asserts

that even if the Court finds the Employment Agreement valid, this matter should not be transferred

because the forum-selection clause was permissive, not mandatory. Defendant contends that a

signature was not required on its part to execute the Employment Agreement, particularly

considering it performed pursuant to the Employment Agreement. Defendant further contends that

the forum-selection clause was mandatory, and plaintiff has not presented any extraordinary

circumstances that would defeat the enforceability of the forum-selection clause.

## II.    Discussion

### A.    Validity of the Employment Agreement[2]

"[O]ne of the elements generally required to create an enforceable contract is '[e]xecution

and delivery of the contract with an intent that it become mutual and binding on both parties.'"

---

[1] Pursuant to the Employment Agreement, plaintiff was required to work continuously for defendant for one year, otherwise plaintiff would have to forfeit the signing bonus and agree to repay the signing bonus back to defendant no later than 30 days after plaintiff's termination of employment with defendant. *See* Employment Agreement § 2(b), attached as Exhibit A-1 to defendant's Mot. to Transfer.

[2] For the reasons set forth in this Order, the Court determines that the Employment Agreement is enforceable and, therefore, the Court bases its analysis on the validity of the Employment Agreement on Texas law.

*Baylor Univ. v. Sonnichsen,* 221 S.W.3d 632, 635 (Tex. 2007) (citing *Angelou v. African Overseas Union,* 33 S.W.3d 269, 278 (Tex.App.-Houston [14th Dist.] 2000, no pet.)) (internal citations omitted). "Evidence of mutual assent in written contracts generally consist of signatures of the parties and delivery with the intent to bind." *Id.* However, the Texas Supreme Court has recognized that where the contract does not expressly require a signature for execution, lack of a signature does not automatically invalidate a contract. *See Mid–Continent Cas. Co. v. Global Enercom Mgmt., Inc.,* 323 S.W.3d 151, 157 (Tex. 2010) ("There is no language in the policies requiring both parties to sign the insured contract and there was no evidence raising a fact issue of the parties' intent to require that all parties to the subcontract sign it as a condition precedent to the subcontract's validity."); *see also Mailing and Shipping Sys. v. Neopost USA, Inc. d/b/a Hasler*, 937 F.Supp.2d 879, 886 (W.D. Tex. 2013) ("Th[e] letter [] constitutes a written manifestation of mutual assent under Texas law, even though it lacks Plaintiff's signature.").

Having carefully reviewed the parties' submissions, the Court finds that the Employment Agreement is valid. Specifically, plaintiff, the party trying to invalidate the contract, delivered the Employment Agreement back to defendant via email stating: "[a]ttached is the signed copy of tmy Employment agreement. Thank you again for the opportunity and the support moving forward as we expand Dixie Electric's regional operating area into new markets." Email from plaintiff to defendant regarding the Employment Agreement, attached as Exhibit A-1 to defendant's Mot. to Transfer. In turn, in its brief, defendant contends that it promoted plaintiff to Regional Manager/Sales Representative, compensated plaintiff at the contracted rate, allowed plaintiff to have access to its confidential information and delivered to plaintiff the contingent signing bonus. *See* defendant's reply at 5 (citing ¶¶ 10-11 of Exhibit 1, Declaration of David Czarnecki in Support of Defendant's Motion to Transfer Venue, attached to defendant's Mot. to Transfer). The Court

finds that despite defendant's signature lacking from the Employment Agreement, a condition precedent not expressly found in the Employment Agreement, the parties' respective actions indicated a mutual agreement that the Employment Agreement would be binding on both parties. Therefore, the Court finds that the Employment Agreement was fully executed by both parties and, therefore, enforceable.

B.      Forum-Selection Clause

    i.      Mandatory vs. Permissive Forum-Selection Clause

"Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum." *Hancock v. Am. Tel. & Tel. Co., Inc.,* 804 F. Supp. 2d 1196, 1201 (W.D. Okla. 2011) (internal quotations omitted) (quoting *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft,* 314 F.3d 494, 498 (10th Cir. 2002)). "Permissive forum selection clauses, in contrast, . . . authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id.* (internal quotations omitted) (quoting *Excell, Inc. v Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997)).

Plaintiff contends that the forum-selection clause within the Employment Agreement is permissive, and that he only consented to personal jurisdiction in Texas, but did not waive his right to litigate a dispute related to the Employment Agreement in Oklahoma. Defendant asserts that the forum-selection clause in the Employment Agreement is mandatory, and that the parties agreed that any claims related to the Employment Agreement or arising out of the parties' employment relationship could only be brought in Texas.

Having carefully reviewed the parties' submissions, the Court finds that the forum-selection clause within the Employment Agreement is mandatory. The forum-selection clause in the Employment Agreement states as follows:

> DIXIE and EMPLOYEE consent to the exclusive jurisdiction of the
> state and federal courts located in Midland, Midland County, Texas
> as well as to the jurisdiction of all courts of which an appeal may be
> taken from such courts, for the purpose of any suit, action or other
> proceeding arising out of, or in connection with, this Agreement or
> that otherwise arise out of EMPLOYEE's employment relationship
> with DIXIE.

Employment Agreement § 10(d), attached as Exhibit A-1 to defendant's Mot. to Transfer. The Court finds that the language in the forum-selection clause is clear and explicit as to the jurisdiction in which the parties intended all legal disputes arising from the Employment Agreement to be litigated. Particularly, the Court finds that the parties' use of the language "exclusive jurisdiction" in the Employment Agreement mandates that this matter be litigated in either the state or federal courts located in Midland, Texas. *See K & V Sci. Co.*, 314 F.3d at 500 ("Applying the majority rule, . . ., we have little trouble concluding that the forum selection clause at issue is permissive. In particular, the clause refers only to jurisdiction, and does so in non-exclusive terms (e.g., there is no use of the terms 'exclusive,' 'sole,' or 'only').").

ii.    Enforcement of the Forum-Selection Clause

In *Atlantic Marine Construction Company. v. U. S. District Court for the Western District of Texas, et. al.*, 134 S.Ct. 568 (2013), the Supreme Court recognized that "a forum-selection clause may be enforced by a motion to transfer under [28 U.S.C.] § 1404(a) . . ., which provides that "'[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.'" *Id.* at 575 (citing 28 U.S.C. § 1404(a)). Further, the Court held that "[w]hen a defendant files such a motion . . . a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the

parties clearly disfavor a transfer." *Id.* In determining if those unusual circumstances exist, the

Court engages in the following analysis:

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.
>
> \*       \*       \*       \*       \*
>
> Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. . . . [W]hatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting.
>
> [A] district court may consider arguments about public-interest factors only. . . . Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.
>
> \*       \*       \*       \*       \*
>
> Third, when a party bound by a forum selection-clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law-rules a factor that in some circumstances may affect public-interest considerations.[3]

---

[3] The Court finds that the third factor in determining if the forum-selection clause should be enforced is not applicable in this instance. In *Klaxon Co. v. Stentor Elec. Mfg. Co.* 313 U.S. 487 (1941), the Court found that "[a] federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." *Atlantic Marine*, 586 S.Ct. at 582 (citing *Klaxon* at 494-496). While the Court does recognize an exception to the *Klaxon* rule, "to prevent defendants, properly subjected to suit in the transferor State, from invoking § 1404(a) to gain the benefits of the laws of another jurisdiction," *id.* (internal citations and quotations omitted), the Court found

*Id.* at 581-582 (internal citations and quotations omitted).

Plaintiff contends that if the forum-selection clause is construed as mandatory, enforcement of the clause would be unreasonable, unjust and contrary to public interest. Specifically, plaintiff contends that the Midland, Texas venue is unreasonable because facts giving rise to this matter, as well as evidence and witnesses are primarily in Oklahoma. Plaintiff further contends that his defamation claim is beyond the scope of the Employment Agreement; Oklahoma has a significant interest in adjudicating his statutory wage and labor claim, and transfer is unnecessary since defendant has already filed a lawsuit in the Western District of Texas. Defendant contends that plaintiff has failed to show that this instant matter is one of the rare and unusual cases where the forum-selection clause should not be enforced. Specifically, defendant contends that, pursuant to the forum-selection clause, Texas law governs all claims arising out of the parties' employment relationship; therefore, the public interest facts favor adjudication in Texas, and further, judicial economy weighs in favor of transfer to prevent duplication of issues and inconsistent decisions in two separate courts.

Having carefully reviewed the parties' submissions, the Court finds that the public interest factors all weigh in favor of this matter being transferred to the Western District of Texas. Specifically, the Court finds that all of plaintiff's claims against defendant in this action were potentially foreseeable to plaintiff prior to him signing the Employment Agreement, and do not present any unusual circumstance that would defeat a § 1404(a) transfer premised on a mandatory forum-selection clause. As such, the Court finds that the parties' agreement to litigate disputed

---

that "the policies motivating [its] exception to the *Klaxon* rule for § 1404(a) transfers, however, does not support an extension to cases where a defendant's motion is premised on enforcement of a valid forum-selection clause[,]" *id.,* as is the case in this instant matter.

claims arising out of the Employment Agreement in a Midland, Texas forum should not be disturbed.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendant Dixie Electric, LLC's Motion to Transfer Venue [docket no. 6] and TRANSFERS this matter to the United States District Court for the Western District of Texas.

**IT IS SO ORDERED this 23rd day of June, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE